```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robert Norman Beaudreau

    v.                                    Civil No. 17-cv-032-JD
                                            Opinion No. 2017 DNH 125
Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration


                          O R D E R

Robert Norman Beaudreau brought suit seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Social Security Administration to deny him social security retirement benefits under the Windfall Elimination Provision. The Acting Commissioner moves to dismiss on the ground that the court lacks subject matter jurisdiction. Beaudreau filed an untimely response to the motion. The Acting Commissioner filed a reply.

                       Standard of Review

For purposes of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court credits the plaintiff's properly pleaded allegations and draws all reasonable inferences in the plaintiff's favor. Reddy v.

Foster, 845 F.3d 493, 497 (1st Cir. 2017). In addition to the complaint, the court considers other materials and evidence in the record "whether or not the facts therein are consistent with those alleged in the complaint."[1] Id.; see also Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007). When subject matter jurisdiction is challenged, the party asserting subject matter jurisdiction, the plaintiff in this case, has the burden of showing that jurisdiction exists. Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013).

## Discussion

In support of the motion to dismiss, the Acting Commissioner contends that the underlying administrative action, the Appeals Council's order dated January 13, 2017, is not a "final decision" of the Acting Commissioner of Social Security under § 405(g). As a result, the Acting Commissioner asserts, the order is not subject to judicial review so that the court

---

[1] Beaudreau, who is represented by counsel, asserts that the Acting Commissioner improperly supported the motion to dismiss with other evidence, including a declaration. Beaudreau is mistaken. An affidavit or declaration that would not be considered for purposes of a motion to dismiss under Rule 12(b)(6) is properly considered for purposes of a motion under Rule 12(b)(1). See Mehic v. Dana-Farber Cancer Inst., Inc., 2017 WL 637681, at *3 (D. Mass. Feb. 16, 2017); Conservation Law Found. v. Cont'l Paving, Inc., 2016 WL 7116019, at *2 (D.N.H. Dec. 6, 2016).

lacks subject matter jurisdiction in this case. Beaudreau does not address subject matter jurisdiction directly and instead argues that the Acting Commissioner has mischaracterized the relief that he is seeking through judicial review and challenges the administrative procedure used to process his requests for reconsideration of administrative decisions.

In the January 13 order, the Appeals Council held that the Administrative Law Judge ("ALJ") erred in considering Beaudreau's challenge to the calculation of benefits and should have considered only whether Beaudreau was entitled to readjudication under Acquiescence Ruling ("AR") 12-1(8). The Appeals Council determined that Beaudreau was not entitled to readjudication under AR 12-1(8), and, as a result, the ALJ should have dismissed Beaudreau's claim. The Appeals Council retroactively dismissed Beaudreau's request for a hearing, making the ALJ's decision of no effect, and reinstated the decision issued on October 28, 2008, as the final decision of the Commissioner.

This court has jurisdiction to review final decisions of the Commissioner of Social Security. § 405(g). "Absent a constitutional claim, [the court] lack[s] jurisdiction to review the Secretary's refusal to reopen a prior adjudicated claim." Dvareckas v. Sec'y of Health & Human Servs., 804 F.2d 770, 771

(1st Cir. 1986) (citing Califano v. Saunders, 430 U.S. 99 (1977)).  An agency action, without a hearing, is not a final decision of the Commissioner for purposes of § 405(g).  Rios v. Sec'y of Health, Ed., & Welfare, 614 F.2d 25, 26 (1st Cir. 1980).  In addition, a decision to retroactively dismiss a request for a hearing is not a final decision that is subject to judicial review under § 405(g).  Hockridge v. Barnhart, 44 F. App'x 107 (D.C. Cir. 2002); Morris v. Colvin, 183 F. Supp. 3d 1133, 1136 (D. Colo. 2016).

Beaudreau states that there is "no question" that the Appeals Council's decision was final and that the Acting Commissioner is "splitting hairs" in the characterization of his claim.  He has not shown, however, that the Appeals Council's decision was a final decision within the meaning of § 405(g) and, for that reason, has not carried his burden to show that subject matter jurisdiction exists.  In the absence of subject matter jurisdiction, the court cannot review the Appeals Council's decision.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is granted, and the case is dismissed for lack of subject matter jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

June 20, 2017

cc: Leslie Nixon, Esq.
    T. David Plourde, Esq.

5